UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                               Case No. 8-17-75330-reg

BALDEV SINGH,

                                               Chapter 13

                         Debtor.
-----------------------------------------------------------------x

## SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Introduction

     This matter is before the Court pursuant to Aspire Federal Credit Union's ("Aspire's") objection to confirmation of the Chapter 13 plan proposed by Baldev Singh (the "Debtor"). Aspire filed a proof of claim based on the Debtor's guaranty of payment on Aspire's loan to Wheel Trans Corporation. Wheel Trans Corporation, a corporation owned by the Debtor and his spouse, own two taxi medallions. Aspire, as part of the loan agreement, was granted a security interest in the medallions. As additional collateral, the Debtor executed a guaranty of payment in favor of Aspire. Several issues were raised in connection with confirmation of the Debtor's plan. The first issue is whether the Debtor qualifies as a Chapter 13 debtor under § 109(e) of the Bankruptcy Code, which requires an individual to have noncontingent, liquidated, unsecured debts of less than $394,725.00 and secured debts of less than $1,184,200.00 on the date of the filing. Because the event giving rise to Debtor's liability under the guaranty did not occur prior to the bankruptcy filing, Aspire's claim is a contingent claim for the purposes of § 109(e). Thus, the Debtor is eligible as a Chapter 13 debtor.

     The second issue is whether the Debtor's proposed plan is confirmable. The Debtor proposed to pay the unsecured creditors 100%, but because Wheel Trans Corporation, according to the parties, is current on its obligations to Aspire, there is no claim against the Debtor by

Aspire and, therefore, the Plan need not and does not include payments on account of the Debtor's guaranty. However, despite Wheel Trans Corporation being current on its obligation under the Note, the Debtor's insolvency, as evidenced by the commencement of this bankruptcy proceeding, triggered an event of default under the Guaranty, thus rendering the entire amount due and payable to Aspire. It is a fixed obligation of the Debtor and is therefore a current unsecured claim. Because the claim of Aspire is not given the same treatment as the other unsecured claims, the Debtor's plan cannot be confirmed as proposed. The third issue raised by Aspire is whether the Debtor's plan was proposed in good faith. Aspire alleged that the Debtor was using the plan process to retain his home, which had substantial equity, while precluding Aspire from receiving payment in full on the obligation incurred by Wheel Trans Corporation and guaranteed by the Debtor. Because the plan as proposed is not capable of confirmation, the Court need not address this issue.

## Facts

According to the Debtor's schedules, the Debtor has a 50% ownership interest in Wheel Trans Corporation, and his non-filing spouse owns the remaining 50%. On December 12, 2013, Aspire loaned $1.6 million to Wheel Trans Corporation pursuant to a promissory note ("Note"), which matures and is due and payable on July 1, 2018. The obligations of Wheel Trans Corporation under the Note are secured by two New York City Taxi and Limousine Commission taxi medallions owned by Wheel Trans Corporation, which are valued at approximately $852,284.70 as of September 30, 2017 (30 days post-petition). On December 12, 2013, the Debtor and his non-filing spouse executed a guaranty ("Guaranty"), whereby they guaranteed, as primary obligors, to pay to Aspire "any and all liabilities of" Wheel Trans Corporation. The

Guaranty was secured by a Pledge Agreement dated December 12, 2013, pursuant to which the Debtor and his spouse pledged their shares of Wheel Trans Corporation to Aspire as collateral.

The Guaranty provides, on page 2 under subsection (c), that "the death or insolvency (however evidenced) of [Wheel Trans Corporation] or any person (including the undersigned)" constitutes an "Event of Default" under the Guaranty. The Guaranty further provides, under subsection (g), that any proceeding "commenced by or against [Wheel Trans Corporation] or [the Debtor or the Debtor's spouse] under any bankruptcy, reorganization, arrangement of debt, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute" constitutes an event of default.  Upon the occurrence of any event of default, Aspire may "make the liabilities of [Wheel Trans Corporation] to [Aspire], whether or not then due, immediately due from and payable" by the Debtor or the Debtor's spouse, and Aspire "shall be entitled to enforce the obligations of [the Debtor and the Debtor's spouse]."

On August 31, 2017 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. According to Debtor's schedules, the Debtor owns real property that has equity of $400,000.00 in excess of the mortgage debt. Debtor also listed three creditors in his Schedules: Nassau County Treasurer as a secured creditor with a $0 claim; Bank of America as an unsecured creditor with a claim of $728.00; and Aspire as an unsecured creditor with a contingent claim of $1,463,000.00.

According to the Debtor's Chapter 13 Plan, the Debtor intends to make 36 consecutive monthly payments to the Trustee in the amount of $1,000.00 per month. The Plan also provides a 10% commission to the Trustee, in addition to a $3,500.00 fee for the Debtor's attorney's fees. The Plan further acknowledges the Debtor's personal liability to Aspire and provides that Wheel Trans Corporation will "remain current and remit payments to [Aspire] outside of bankruptcy." It

further provides that the "[i]ndividual Debtor shall not remit any post-petition payments to this creditor." Finally, the plan provides that unsecured creditors will receive a 100% distribution of their allowed claims. On December 20, 2017, Aspire filed its proof of claim in the amount of $1,465,230.09, with a secured portion of $852,284.70 and an unsecured portion of $612,945.39.

On January 11, 2018, the Debtor's case was dismissed pursuant to the Trustee's Motion to Dismiss for failure to provide the Trustee with several documents. The case was subsequently closed on February 6, 2018. On April 9, 2018, the Debtor filed a motion to reinstate his Chapter 13 case because he cured the prior deficiencies, and the case was reopened by Court order on May 1, 2018. Aspire subsequently filed an objection to confirmation of the Debtor's plan on May 9, 2018, arguing that the Debtor's plan was unconfirmable because it was not proposed in good faith.  According to Aspire, the Debtor could not use the Chapter 13 process to evade his impending liability under the Guaranty by obtaining a discharge before the debt to Wheel Trans Corporation was paid in full.

At the confirmation hearing held on May 24, 2018, the Court questioned both parties about the nature of the debt owed by the Debtor, including whether the Guaranty was secured by a pledge of stock in Wheel Trans Corporation.  The parties agreed that the Debtor and his spouse pledged their stock interests, but disagreed as to whether the stock pledge was perfected by Aspire.  The Court also questioned both parties about the nature of the Guaranty and its terms and conditions.  Both the Debtor and Aspire claimed that the Guaranty did not include any provision that the filing for bankruptcy by either guarantor constituted an event of default thereunder.

At the conclusion of the hearing, the Court directed the parties to file briefs addressing whether Aspire's claim was a contingent or actual debt, and whether the Debtor's pledge of his

4

shares of Wheel Trans Corporation was perfected by Aspire.  The Court indicated that the remainder of the issues raised at the hearing could be addressed by the Court's review of the various agreements between Aspire, Wheel Trans Corporation, and the Debtor.

The parties filed their respective papers on May 16 and 17, 2018. The Debtor confirmed that Aspire's security interest in the Debtor's stock in Wheel Trans Corporation was not perfected because Aspire did not have physical possession of the stock certificate, as required pursuant to UCC § 9-313(a). Aspire, in turn, argued that the Debtor's pledge in stock was irrelevant to the case because the Debtor's guaranty of payment was a contingent debt that was subject to an estimation proceeding pursuant to § 502(c)(1) of the Bankruptcy Code. Aspire further argued that the Debtor's case could not be confirmed because the Debtor's assertion that Wheel Trans Corporation would remain current on the payments was untrue, and thus constituted a lack of good faith pursuant to § 1325(a)(3) of the Bankruptcy Code. On June 7, 2018, the Court read its decision into the record, which is fully set forth below.

## Discussion

In assessing the first issue of the Debtor's eligibility as a Chapter 13 debtor, his or her eligibility is based on the nature and amount of the debtor's obligations to its creditors as of the date the petition is filed.  *In re Piovanetti*, 496 B.R. 57, 61 (Bankr. D.P.R. 2013).  Only "[n]on-contingent and liquidated debts [are counted] toward the debt limitations for Chapter 13 eligibility." *In re Barcal*, 213 B.R. 1008, 1012 (B.A.P. 8th Cir. 1997). "It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997).  In this case, it appears that the parties have agreed that as of the Petition Date, Aspire's claim was contingent

and should not be included in the calculation of the unsecured debt. However, regardless of the parties' agreement on this issue, Chapter 13 eligibility is a statutory criteria that should be determined by the Court. *See In re Piovanetti*, 496 B.R. at 62 ("The court cannot allow a debtor to self-determine his/her own bankruptcy eligibility."). Since the event giving rise to Debtor's liability under the guaranty did not occur prior to the bankruptcy filing, Aspire's claim is contingent. Thus, without including Aspire's claim, the Debtor's unsecured debt totals $728.00, which falls within the statutory limit for eligibility. Therefore, the Debtor meets the eligibility requirements under § 109(e) of the Bankruptcy Code.

It also appears that the issue briefed by the parties regarding the Debtor's pledge of his shares of Wheel Trans Corporation does not change the analysis of Debtor's eligibility or the status of Aspire's claim in the case. The Court inquired into this issue to determine whether the pledge of stock itself would make Aspire a secured creditor with a current, noncontingent claim. At the confirmation hearing, Aspire could not determine whether it had a lien on the stock because it was unaware whether it had possession of the stock certificate. The parties later confirmed that Aspire did not have possession of the stock itself, and thus it did not have a perfected security interest in the stock owned by the Debtor. This issue ultimately was not dispositive of the issues relevant to the case, since the unperfected security interest in the stock would not change Aspire's claim or status as a creditor in the case.

The final issue concerns the confirmability of the plan. Debtor's plan currently treats Aspire's claim as contingent and, therefore, not currently due on the basis that Wheel Trans Corporation is current on its monthly payments under the Note. The Debtor's plan specifically states that no post-petition payments will be made under the Guaranty because Wheel Trans Corporation is current under the Note. However, a review of the Guaranty reveals that an event

6

of default occurred thereunder on the Petition Date.  Despite the parties' reassurances to the Court that the filing of a petition by the guarantors was not an event of default under the Guaranty, the parties are incorrect.

Typically, "a claim based on a guaranty is contingent unless the loan is in default" or is dependent on the occurrence of a future event. *In re Benanti*, 2018 WL 1801194, at *6 (Bankr. C.D. Ill. April 13, 2018); *In re Mazzeo*, 131 F.3d at 300. In instances where there has been a default on an underlying debt, the "liability on a guaranty becomes fixed and is no longer contingent because all predicates to enforcement have occurred." *In re LightSquared Inc.*, 2014 WL 5488413, at *3 (Bankr. S.D.N.Y. Oct. 30, 2014).

In this case, the Debtor's insolvency, as evidenced by the commencement of this bankruptcy proceeding, constitutes an "Event of Default" pursuant to subsections (c) and (g) of the Guaranty, which entitled the Lender to enforce the obligations of the Debtor under the Guaranty. This triggered the Debtor's obligation to pay the debt owed to Aspire in full since the Debtor's obligation is no longer contingent upon the occurrence of a future event. As Courts have explained, but for the automatic stay, the lender could demand full payment from the guarantor today. *In re Lightsquared*, 2014 WL 5488413, at *4; *In re Rhead*, 179 B.R. 169, 172 (Bankr. D. Ariz. 1995) ("[B]ut for the bankruptcy, [Lender] could seek a judgment against the [Debtors] for the full amount guaranteed, without the occurrence of any further event.").

In addition, the fact that the Borrower—Wheel Trans Corporation—is current on the Note and is able to continue making payments does not render the claim contingent, as the Debtor has argued. Courts have noted that when estimating a contingent guaranty claim, it may be appropriate to factor in the ability of an obligor to satisfy the obligations, but in each of those cases, the guarantees had not been triggered, like it has in this case. *In re Lightsquared*, 2014 WL

5488413, at *4. Further, while Aspire seeks to have an estimation of the claim under § 502(c)(1) of the Code, estimation is not necessary. The entire amount of the Note has come due despite the fact that the corporation is current with the payments.

Therefore, because an event of default under the Guaranty was triggered in this case, the entire amount outstanding under the Note is no longer a contingent debt and is now a fixed obligation of the Debtor. The proposed plan does not meet the requirements of § 1322(a)(3) because the plan does not provide for payment of Aspire's unsecured claim in full along with the other unsecured creditors. This Court acknowledges that there has been a dramatic increase in the number of cases involving taxi medallions as there has been a precipitous drop in their value. Whether a case should be deemed to have been filed in bad faith is a question of the particular facts presented to the court. In the matter presently before this Court, it is not necessary to undertake this analysis pursuant to § 1325(a)(3) because the plan as currently presented is not capable of being confirmed.

### Conclusion

For the reasons stated herein, the Court finds that the entire amount due under the Note is no longer a contingent claim, but rather is a fixed obligation of the Debtor. Thus, the Debtor's plan does not meet the requirements of § 1322(a)(3) because Aspire's unsecured claim is not being given the same treatment as the other unsecured creditors. Therefore, confirmation of the Debtor's plan is denied.  The Court shall enter an order consistent with the Supplemental Findings of Fact and Conclusions of Law.



**Dated: Central Islip, New York**
**June 22, 2018**

**Robert E. Grossman**
**United States Bankruptcy Judge**

8

# Notice Recipients

District/Off: 0207–8            User: atennerie            Date Created: 6/22/2018

Case: 8–17–75330–reg          Form ID: pdf000            Total: 5

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Richard S Feinsilver | feinlawny@yahoo.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Baldev Singh | 20 East End Avenue | Hicksville, NY 11801 |

TOTAL: 1